14-3170-cr
United States v. Seitz

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                      14-3170-cr

JAY SEITZ,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              ERIC M. CREIZMAN, Creizman PLLC,
                           New York, NY.

FOR APPELLEE:              BRIAN R. BLAIS (Kristy J.
                           Greenberg, Michael A. Levy, <u>on
                           the brief</u>), <u>for</u> Preet Bharara,
                           United States Attorney for the
                           Southern District of New York,
                           New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jay Seitz appeals from the judgment of the United States District Court for the Southern District of New York (Stein, J.) convicting him of (i) mail fraud, (ii) health care fraud, and (iii) conspiracy to commit mail and health care fraud. Seitz was sentenced chiefly to 24 months' imprisonment. Seitz challenges the sufficiency of the evidence underlying his convictions and argues that the government elicited testimony that deprived him of a fair trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** A defendant challenging the sufficiency of the evidence underlying his conviction at trial "bears a heavy burden" because our standard of review is "exceedingly deferential": we "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor," and we will uphold the judgment if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Coplan, 703 F.3d 46, 62 (2d Cir. 2012) (internal quotation marks omitted).

The evidence establishes that Seitz knew or consciously avoided knowing that (i) the claims falsely represented that he actually performed the specified treatments, (ii) he was not permitted to bill for treatment done by unlicensed social workers, and (iii) the claims included medically unnecessary or fabricated treatments. Seitz signed numerous claims forms, each of which (falsely) represented that Seitz was the "treating provider" and (falsely) represented that the treatment was done by a psychologist, rather than a social worker. Not only were these representations false, they also concealed that unlicensed social workers were performing the actual treatments. Seitz also signed treatment notes that were merely fill-in-the-blank templates that often produced inconsistent or inaccurate results.

2

Once insurance companies began rejecting his original company's claims, Seitz formed a new company, that was identical in its personnel and practices but with a different name, for the submission of claims. Finally, Seitz received enormous amounts of money for doing what amounted to very litte work. The jury had a more than adequate basis for concluding that Seitz intended to commit fraud, knew he was committing fraud, and had conspired to commit fraud.

**2.** To succeed on a claim of prosecutorial misconduct based on conduct at trial, a defendant must show that the prosecutor's conduct caused "substantial prejudice" such that the defendant was deprived of a fair trial. United States v. Tocco, 135 F.3d 116, 130 (2d Cir. 1998); see also United States v. Locascio, 6 F.3d 924, 945-46 (2d Cir. 1993). To assess whether substantial prejudice exists, we weigh "the severity of the misconduct, the measures adopted to cure [it], and the certainty of conviction absent the misconduct." United States v. Elias, 285 F.3d 183, 190 (2d Cir. 2002).

Seitz fails to identify any prosecutorial misconduct, let alone misconduct that substantially prejudiced him at trial. Seitz points to an alleged mixup by the insurance company investigator as to whether the billing was done by Seitz, personally, or his professional corporation, Jay Psychological. But this distinction was trivial. The witness testified that she was investigating both "Dr. Jay Seitz" and "Jay Psychological, PC." Seitz also complains of testimony the government elicited from the insurance company investigator identifying Seitz's signature. But whatever ambiguity existed as to the insurance company investigator's identification of a signature being similar to other signatures, purportedly of Seitz, was clarified by the district court and by defense counsel's cross-examination. In any event, this alleged misconduct likewise concerns a minor matter; other witnesses testified at trial that they had personally seen Seitz sign his corporations' bills and treatment notes.

Accordingly, and finding no merit in Seitz's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK